**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:08CV-P143-R**

**GEORGE EDWARD MCGINNIS**                                        **PETITIONER**

**v.**

**BECKY PANCAKE**                                                             **RESPONDENT**

**MEMORANDUM OPINION & SHOW CAUSE ORDER**

The petitioner, George Edward McGinnis, filed this action pursuant to 28 U.S.C. § 2254, seeking federal habeas corpus relief. His petition is currently before this Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, the Court will direct McGinnis to show cause why his petition should not be dismissed for failure to comply with the statute of limitations.

**I. PROCEDURAL BACKGROUND**

McGinnis was convicted by a McCracken County Circuit Court Jury of two counts of first-degree rape, two counts of first-degree sodomy, and one count of kidnapping. His judgment of conviction was entered on February 14, 1987. McGinnis' sentences were to run consecutively for a total of seventy years. The Kentucky Supreme Court affirmed McGinnis' convictions on November 30, 1987. McGinnis did not seek review from the United States Supreme Court.

On March 1, 1989, McGinnis filed an RCr 11.42 motion with the McCracken Circuit Court. The McCracken Circuit Court denied the motion on May 2, 1989. The Kentucky Court of Appeals affirmed the denial on March 30, 1990. It does not appear that McGinnis initiated any further challenges to his conviction until October 27, 2004, when he filed a CR 60.02 motion with the McCracken Circuit Court. The McCracken Circuit Court denied this motion on

November 23, 2004.  The Kentucky Court of Appeals affirmed the denial on March 17, 2006. McGinnis filed the current petition with this Court on September 3, 2008.

## II.  ANALYSIS

Review in this case is governed by Chapter 153 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996.  *Dennis v. Mitchell*, 354 F.3d 511, 517 (6th Cir. 2003); *Lindh v. Murphy*, 512 U.S. 327-29 (1997).  The fact that McGinnis was convicted before the AEDPA's enactment does not alter this conclusion.  *Williams v. Bagley*, 380 F.3d 932, 942-43 (6th Cir. 2004).  The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).  Prisoners, like McGinnis, whose convictions became final before the effective date of the AEDPA, April 24, 1996, were given a one-year grace period from the effective date, or until April 24, 1997, to file their federal habeas petitions.  *See McClendon*

*v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).

McGinnis' conviction became final in 1987 after he exhausted his direct appeals. The AEDPA became effective on April 24, 1996. McGinnis did not have any collateral challenges pending in state court at that time as his RCr 11.42 had been finally resolved in 1990. As such, McGinnis had until April 24, 1997, to file his federal habeas petition. He did not do so. Instead, he waited for over five years before he took any further action on his case. Still, even then, he did not file a habeas petition. Instead, he collaterally attacked his conviction and sentence in state court by filing a CR 60.02 motion. The filing of this collateral challenge, however, did not work to revive the already expired habeas statute of limitations. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . revive the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (internal quotation marks omitted)). Thus, it appears that McGinnis' petition was filed over ten years too late.

However, since the one-year limitations period under the AEDPA "is not jurisdictional a petitioner who misses a deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *See Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005). In order to be entitled to equitable tolling, McGinnis has "the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). As the Sixth Circuit repeatedly has held, equitable tolling of the AEDPA should be applied "sparingly." *Cook*

*v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). McGinnis seeks relief based on errors that allegedly occurred during his trial: 1) improper arguments by the prosecutor; 2) the trial court's failure to stop the prosecutor's improper remarks; and 3) ineffective assistance of counsel. McGinnis does not explain why it took him so long to bring a habeas challenge based on these facts. He states simply, "[i]t is like, if a crime was committed, and the state did not find the defendant until 25 years later and prosecuted him, this did not stop the time in which to prosecute because it took so long to find him, and on the flip side, the Petitioner should not be prevented from raising these issues now because it took someone other than Petitioner to find the violations of his constitutional rights."

"The trigger . . . is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Moreover, whether due diligence was exercised is determined objectively in relation to what a reasonable person would have discovered under the circumstances. *See, e.g., Humphrey v. United States*, 238 F. App'x 134, 138 (6th Cir. 2007); *Simpson v. Ludwick*, No. 1:04-cv-141,1:01-cr-193, 2008 U.S. Dist. LEXIS 87390 ( E.D. Mich. Oct. 29, 2008). McGinnis has not alleged that the facts comprising his claim were not in existence at the time he should have brought his challenge. Rather, he appears to allege that it took someone else to recognize their legal significance. This is insufficient to justify application of equitable tolling.

### III.  SHOW CAUSE ORDER

Before dismissing the action as time-barred, however, the Court will provide McGinnis with an opportunity to respond.  *Day v. McDonough*, 547 U.S. 198 (2006) ("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").  **WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Order, McGinnis must show cause why the § 2254 petition for writ of habeas corpus should not be denied and the action dismissed as barred by the applicable one-year statute of limitations.  Failure to respond within the time allotted **will result in dismissal** of the action for the reasons set forth herein.

Date:

cc:     Petitioner, *pro se*

4413.008