UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:08CV-P143-R

**GEORGE EDWARD MCGINNIS**                                                                 **PETITIONER**

v.

**BECKY PANCAKE**                                                                                 **RESPONDENT**

### MEMORANDUM OPINION

The petitioner, George Edward McGinnis, filed this action pursuant to 28 U.S.C. § 2254, seeking federal habeas corpus relief.  The Court reviewed his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review, the Court directed McGinnis to show cause why his petition should not be dismissed for failure to comply with the statute of limitations.  McGinnis has now responded to the Court's Show Cause Order.  Upon review, for the reasons set forth, the Court will dismiss the petition as untimely.

### I. PROCEDURAL BACKGROUND

McGinnis was convicted by a McCracken County Circuit Court jury of two counts of first-degree rape, two counts of first-degree sodomy, and one count of kidnapping.  His judgment of conviction was entered on February 14, 1987.  McGinnis' sentences were to run consecutively for a total of seventy years.  The Kentucky Supreme Court affirmed McGinnis' convictions on November 30, 1987.  McGinnis did not seek review from the United States Supreme Court.

On March 1, 1989, McGinnis filed an RCr 11.42 motion with the McCracken Circuit Court.  The McCracken Circuit Court denied the motion on May 2, 1989.  The Kentucky Court of Appeals affirmed the denial on March 30, 1990.  It does not appear that McGinnis initiated any further challenges to his conviction until October 27, 2004, when he filed a CR 60.02 motion

with the McCracken Circuit Court. The McCracken Circuit Court denied this motion on November 23, 2004. The Kentucky Court of Appeals affirmed the denial on March 17, 2006. After the Kentucky Court of Appeals denied his appeal, McGinnis filed a second *pro se* CR 60.02 motion on April 9, 2007. The trial court denied that motion as well. The Kentucky Court of Appeals affirmed the denial. McGinnis moved for discretionary review, which the Kentucky Supreme Court denied on August 13, 2008. McGinnis then filed the current petition with this Court on September 3, 2008.

## II. ANALYSIS

Review in this case is governed by Chapter 153 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. *Dennis v. Mitchell*, 354 F.3d 511, 517 (6th Cir. 2003); *Lindh v. Murphy*, 512 U.S. 327-29 (1997). The fact that McGinnis was convicted before the AEDPA's enactment does not alter this conclusion. *Williams v. Bagley*, 380 F.3d 932, 942-43 (6th Cir. 2004). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could

> have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Prisoners, like McGinnis, whose convictions became final before the effective date of the AEDPA, April 24, 1996, were given a one-year grace period from the effective date, or until April 24, 1997, to file their federal habeas petitions. *See McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).

McGinnis' conviction became final in 1987 after he exhausted his direct appeals. The AEDPA became effective on April 24, 1996. McGinnis did not have any collateral challenges pending in state court at that time as his RCr 11.42 was resolved in 1990. As such, McGinnis had until April 24, 1997, to file his federal habeas petition. He did not do so. Instead, he waited for over five years before he took any further action on his case. Still, even then, he did not file a habeas petition. Instead, he collaterally attacked his conviction and sentence in state court by filing a CR 60.02 motion. The filing of this collateral challenge, however, did not work to revive the already expired habeas statute of limitations. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . revive the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (internal quotation marks omitted)). However, since the one-year limitations period under the AEDPA "is not jurisdictional a petitioner who misses a deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *See Griffin v. Rogers*, 399 F.3d 626, 631 (6th

Cir. 2005). In order to be entitled to equitable tolling, McGinnis has "the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). As the Sixth Circuit repeatedly has held, equitable tolling of the AEDPA should be applied "sparingly." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

McGinnis states that in March of 1995, he mailed his complete criminal file to his mother, Cora McGinnis, so that she could seek post-conviction counsel for him. However, Mrs. McGinnis passed away a year later in March 1996. She died before McGinnis could ascertain whether she had obtained counsel for him, and after her death McGinnis' family could not locate his criminal file. McGinnis further states that without the assistance of counsel he "did not know that a 28 U.S.C. § 2254 writ of habeas corpus petition existed until a resident legal aide at the Western Kentucky Correctional Complex decided to assist him in preparing this one." He asks this Court to excuse the petition's lateness and provide him with "one chance to bring his claims to an unbiased court that will protect his constitutional rights."

McGinnis' whole argument in support of equitable tolling is based upon his ignorance of the law. However, the Sixth Circuit has repeatedly held that "ignorance of the law is not sufficient to warrant equitable tolling." *Allen v. Bell*, 250 F. App'x 713, 716 (6th Cir. 2007) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). McGinnis is charged with knowledge of 28 U.S.C. § 2254 and its times limits. Moreover, McGinnis seeks relief based on errors that allegedly occurred during his trial: 1) improper arguments by the prosecutor; 2) the trial court's failure to stop the prosecutor's improper remarks; and 3) ineffective assistance of counsel. "The trigger . . . is (actual or imputed) discovery of the claim's 'factual predicate,' not

4

recognition of the facts' legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Moreover, whether due diligence was exercised is determined objectively in relation to what a reasonable person would have discovered under the circumstances. *See, e.g., Humphrey v. United States*, 238 F. App'x 134, 138 (6th Cir. 2007); *Simpson v. Ludwick*, No. 1:04-cv-141, 1:01-cr-193, 2008 U.S. Dist. LEXIS 87390 ( E.D. Mich. Oct. 29, 2008). McGinnis has not alleged that the facts comprising his claim were not in existence at the time he should have brought his challenge. Rather, he appears to allege that it took someone else to recognize their legal significance. This is insufficient to justify application of equitable tolling.

For these reasons, the Court concludes that this action is untimely. By separate Order, the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that McGinnis appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the

matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further.  *Slack*, 529 U.S. at 484.  In such a case, no appeal is warranted.  *Id.*  This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

Date:

cc:     Petitioner, *pro se*

4413.008